Lazaro E. Fernandez, Esq.,(Bar No. 134430)
Law Office of Lazaro E. Fernandez, Inc.
3600 Lime St., Ste. 614
Riverside, CA 92501
T:(951) 684-4474
F:(951) 684-4625
E-Mail: lef17@pacbell.net

and

Robert P. Goe, Esq., (Bar No. 137019)
Goe & Forsythe, LLP
18101 Von Karman Avenue, Ste. 1200
Irvine, CA 92612
T:(949) 798-2460
F:(949)955-9437
E-Mail: rgoe@goeforlaw.com

Attorneys for Plaintiff,
Janet N. Wagabaza

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| | |
|---|---|
| In re JANET N. WAGABAZA,<br><br>Debtor. | Bk. Case No. 6:07-bk-17151-MJ<br><br>Adv. No.<br><br>Chapter 7 |
| JANET N. WAGABAZA,<br><br>Plaintiff,<br><br>v.<br><br>R. ERIC BEVERIDGE, AS TRUSTEE OF THE R. ERIC BEVERIDGE SEPARATE PROPERTY TRUST DATED FEBRUARY 12, 1999 and SPECIAL DEFAULT SERVICES, INC., a California corporation,<br><br>Defendants. | COMPLAINT FOR INJUNCTIVE RELIEF; DECLARATORY RELIEF; TO DETERMINE EXTENT, PRIORITY AND VALIDITY OF LIEN; CANCELLATION OF RECORDED DOCUMENTS<br><br>Date:<br>Time:   [TO BE SET BY SUMMONS]<br>Place: |

TO THE HONORABLE MEREDITH JURY, UNITED STATES BANKRUPTCY JUDGE:

Janet N. Wagabaza ("debtor" or "plaintiff"), the debtor in the above-captioned case and

16-063-2B

plaintiff in the above-captioned adversary proceeding, by and through her attorneys of record,

Law Office of Lazaro E. Fernandez, Inc., complains against R. ERIC BEVERIDGE, AS

TRUSTEE OF THE R. ERIC BEVERIDGE SEPARATE PROPERTY TRUST Dated February

12, 1999 and SPECIAL DEFAULT SERVICES, INC., a California corporation (collectively

"defendant")  for injunctive relief, declaratory relief, the determination of the extent, priority and

validity of lien and for cancellation of recorded documents, and she respectfully represents:

## STATEMENT OF JURISDICTION, PARTIES AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

section 1334(a)and (b) and 28 U.S.C. section 157(a) and (b).  The claims for relief in this

complaint are core proceedings pursuant to 28 U.S.C. section 157(b)(2) and Federal Rule of

Bankruptcy Procedure 7001 (2), (7) and (9).

2. Janet N. Wagabaza (the "debtor") is the plaintiff in this adversary proceeding.  R.

ERIC BEVERIDGE, AS TRUSTEE OF THE R. ERIC BEVERIDGE SEPARATE PROPERTY

TRUST DATED FEBRUARY 12, 1999 ("defendant") is a defendant in this adversary

proceeding.   SPECIAL DEFAULT SERVICES, INC., a California corporation is also a

defendant in this adversary proceeding.

3. Venue for the claims for relief in this adversary complaint is appropriate pursuant to

28 U.S.C. section 1409(a).

4. This adversary proceeding arises in the Chapter 7 case of In re Janet N. Wagabaza,

case number 6:07-bk-17151-MJ, currently pending in the Riverside Division of the United States

Bankruptcy Court for the Central District of California.

## INTRODUCTION

The defendants conducted a nonjudicial foreclosure sale on a post-Chapter 7 discharge,

sold out junior lien, despite the defendants' claim having being discharged through plaintiff's

Chapter 7 discharge and having been extinguished through a nonjudicial foreclosure sale by a

senior lienholder.

///

///

16-063-2B                                          2

# I.

## FACTUAL ALLEGATIONS

5. On or about October 12, 2006, plaintiff executed and delivered a Deed of Trust in favor of EMVEST Mortgage Fund II, LLC encumbering the real property commonly known as 9300 Nickellaus Ct., Corona, CA 92883, ("subject property") and more particularly described as: Lot 6 of Tract No. 27991 as shown by Map on file in Book 262, Pages 6 through 1 4, inclusive of Maps, records of Riverside County, California." APN: 283-401-006, which Deed of Trust was recorded on or about October 31, 2006 with the Riverside County Recorder's Office as instrument number 2006-0800600. This trust deed was in a second position recorded against the plaintiff's family residence. A true and correct copy of the October 12, 2006 Deed of Trust is attached hereto as Exhibit "1" and incorporated herein by reference.

6. EMVEST Mortgage Fund II, LLC assigned and transferred its Deed of Trust to the R. Eric Beveridge Trustee of the R. Eric Beveridge Separate Property Trust Dated February 12, 1999, as to an Undivided 100% Interest by way of Assignment of Deed of Trust dated November 1, 2016 regarding the real property commonly known as 9300 Nickellaus Ct., Corona, CA 92883, and recorded with the Riverside County Recorder's Office in Official Records number 2007-0007719. A true and correct copy of the January 4, 2007 Assignment of Deed of Trust is attached hereto as Exhibit "2" and incorporated herein by reference.

7. R. Eric Beveridge Trustee of the R. Eric Beveridge Separate Property Trust Dated February 12, 1999 recorded a Notice of Default and Election to Sell regarding the subject property, which Notice of Default and Election to Sell Under Deed of Trust was recorded on or about June 22, 2007 with the Riverside County Recorder's Office as instrument number 2007-0409935. A true and correct copy of the June 22, 2007 Notice of Default and Election to Sell Under Deed of Trust is attached hereto as Exhibit "3" and incorporated herein by reference.

8. EMVEST Mortgage Fund II, LLC recorded a Notice of Rescission of Declaration of Default and Demand for Sale and Notice of Breach and Election to Cause Sale regarding the subject property, which Notice of Rescission was recorded on or about June 29, 2007 with the Riverside County Recorder's Office as instrument number 2007-0428606. A true and correct

16-063-2B                                        3

copy of the June 29, 2007 Notice of Rescission is attached hereto as Exhibit "4" and incorporated herein by reference.

9. R. Eric Beveridge Trustee of the R. Eric Beveridge Separate Property Trust Dated February 12, 1999, recorded a Notice of Default and Election to Sell regarding the subject property, which Notice of Default and Election to Sell Under Deed of Trust was recorded on or about August 24, 2007 with the Riverside County Recorder's Office as instrument number 2007-0546139. A true and correct copy of the August 24, 2007 Notice of Default and Election to Sell Under Deed of Trust is attached hereto as Exhibit "5" and incorporated herein by reference. CNA Foreclosure Services, Inc. acted as the foreclosure trustee.

10. Alliance Default Services recorded a Notice of Default and Election to Sell Under Deed of Trust on behalf of Wells Fargo Bank regarding the subject property, which Notice of Default was recorded on or about July 20, 2007 with the Riverside County Recorder's Office as instrument number 2007-0474392 . A true and correct copy of the July 20, 2007 Notice of Default is attached hereto as Exhibit "6" and incorporated herein by reference. Wells Fargo bank held the first position trust deed against the plaintiff's family residence.

11. Alliance Default Services recorded a Notice of Trustee's Sale on behalf of Wells Fargo Bank regarding the subject property, which Notice of Sale was recorded on or about October 26, 2007 with the Riverside County Recorder's Office as instrument number 2007-0659894 . A true and correct copy of the October 26, 2007 Notice of Trustee's Sale is attached hereto as Exhibit "7" and incorporated herein by reference.

12. On or about November 6, 2007, plaintiff filed a voluntary chapter 7 bankruptcy case with the U.S. Bankruptcy Court in Riverside, California. It was assigned case number 6:07-bk-17151-DN. A true and correct copy of the voluntary Chapter 7 petition is attached hereto as Exhibit "8" and incorporated herein by reference.

13. As part of plaintiff's voluntary chapter 7 bankruptcy case, plaintiff filed a Schedule A Real Property. Attached hereto as Exhibit "9" is a true and correct copy of plaintiff's Schedule "A" on which plaintiff listed her ownership interest in the real property commonly known as 9300 Nickellaus Court, Corona, CA 92883.

14. As part of plaintiff's voluntary chapter 7 bankruptcy case, plaintiff filed a Schedule D Creditors Holding Secured Claims. Attached hereto as Exhibit "10" is a true and correct copy of plaintiff's Schedule "D" on which plaintiff listed Saxon Mortgage Services as the first trust deed holder[1] on the real property commonly known as 9300 Nickllaus Court, Corona, CA 92883 and Unified Mortgage Services, Inc. and CNA Foreclosure Services, Inc. were listed as the foreclosing trustee for the second trust deed holder.

15. Also as part of plaintiff's bankruptcy filing, plaintiff filed a mailing matrix that listed interested parties and creditors in it. Attached hereto as Exhibit "11," and incorporated herein by reference is a true and correct copy of plaintiff's mailing matrix listing CNA Foreclosure Services, Inc.

16. On or about February 23, 2008 plaintiff received her Chapter 7 discharge. Attached hereto as Exhibit "12" and incorporated herein by reference is a true and correct copy of plaintiff's Discharge of Debtor filed February 23, 2008.

17. On or about February 13, 2008, plaintiff lost her family house to a nonjudicial foreclosure sale by Wells Fargo Bank. Plaintiff asserts that R. Eric Beveridge Trustee of the R. Eric Beveridge Separate Property Trust Dated February 12, 1999's junior trust deed's power of sale pursuant to Civil Code § 2924 was extinguished as of February 13, 2008 by virtue of the trustee's sale conducted by the senior lienholder Wells Fargo Bank on February 13, 2008.

18. Saxon Mortgage Services, Inc. recorded a Trustee's Deed Upon Sale on February 20, 2008 regarding the subject property, which Trustee's Deed Upon Sale was recorded with the Riverside County Recorder's Office on February 20, 2008 as instrument number 2008-0082110. A true and correct copy of the Trustee's Deed Upon Sale is attached hereto as Exhibit "13" and incorporated herein by reference.

///
///

---

[1]Saxon was the loan servicer for Wells Fargo Bank who held the first position trust deed against the plaintiff's family residence. It is not unusual for loan servicers to be identified by debtors as mortgage holders.

1   19. Wells Fargo Bank National Association, as assignee for the First Franklin Mortgage

2   Loan Trust 2004-FFH3[2], by Saxon Mortgage Services, Inc. recorded a Grant Deed regarding the

3   subject property, in favor of plaintiff's sister, Zipporah Wagabaza, which Grant Deed was

4   recorded with the Riverside County Recorder's Office on May 23, 2008 as instrument number

5   2008-0282042.  A true and correct copy of the Grant Deed is attached hereto as Exhibit "14" and

6   incorporated herein by reference.

7   20. Zipporah Wagabaza obtained a purchase money loan from Countrywide Bank, FSB,

8   which recorded a Deed of Trust regarding the subject property, which Deed of Trust was

9   recorded with the Riverside County Recorder's Office on May 23, 2008 as instrument number

10   2008-0282043.  A true and correct copy of the Deed of Trust is attached hereto as Exhibit "15"

11   and incorporated herein by reference.

12   21. Zipporah Wagabaza, a widow and plaintiff's sister, recorded a Grant Deed regarding

13   the subject property, by which she conveyed the subject property back to plaintiff, which Grant

14   Deed was recorded with the Riverside County Recorder's Office on April 15, 2015 as instrument

15   number 2015-0150157.  A true and correct copy of the Deed of Trust is attached hereto as

16   Exhibit "16" and incorporated herein by reference.

17   22. Plaintiff then refinanced the subject property with ONY GLO, Inc., d.b.a., OGI

18   Mortgage Bankers.  Attached as Exhibit "17" and incorporated herein by reference is a true and

19   correct copy of the Deed of Trust recorded by ONY GLO on or about August 20, 2015 with the

20   Riverside County Recorder's Office as Instrument Number 2015-0371156.

21   23. Mortgage Electronic Registration Systems, Inc. as Nominee for Countrywide Bank,

22   FSB, recorded a Substitution of Trustee and Full Reconveyance regarding the subject property,

23   which Substitution of Trustee and Full Reconveyance was recorded with the Riverside County

24   Recorder's Office on September 9, 2015 as instrument number 2015-0401547.  A true and

25   correct copy of the Substitution of Trustee is attached hereto as Exhibit "18" and incorporated

26

27   [2]The original lender had been Franklin First Mortgage who had assigned its beneficial interest
in its deed of trust to Wells Fargo Bank.  At all relevant times herein, Wells Fargo Bank held a first

28   position trust deed against the plaintiff's family residence.

16-063-2B                                            6

1    herein by reference.

2        24. Notwithstanding its deed of trust having been extinguished by the Wells Fargo

3    Bank's nonjudicial foreclosure sale, R. Eric Beveridge Trustee of the R. Eric Beveridge Separate

4    Property Trust Dated February 12, 1999, with the assistance of Special Default Services, Inc.,

5    acting as foreclosing trustee, recorded a Notice of Default and Election to Sell Under Deed of

6    Trust regarding the subject property, which Notice of Default and Election to Sell Under Deed of

7    Trust was recorded with the Riverside County Recorder's Office on July 28, 2016 as instrument

8    number 2016-0317331. A true and correct copy of the Notice of Default and Election to Sell

9    Under Deed of Trust is attached hereto as Exhibit "19" and incorporated herein by reference.

10   This recording of the Notice of Default and Election to Sell Under Deed of Trust was done

11   exactly eight (8) years, eight (8) months and twenty-one (21) days after plaintiff filed her

12   Chapter 7 bankruptcy on November 7, 2007, and eight (8) years, five (5) months and five (5)

13   days after plaintiff received her Chapter 7 discharge.

14       25. Shortly after October 18, 2016, plaintiff received a copy of a letter dated October 18,

15   2016 sent by Hugh Pham of Parker Stanbury, LLP to the R. Eric Beveridge Separate Property

16   Trust, regarding the property located at 9300 Nickellaus Court, Corona, CA 92883.  Attached

17   hereto as Exhibit "20" and incorporated herein by reference is a true and correct copy of the letter

18   dated October 18, 2016 from Parker Stanbury, LLP.

19       26. Notwithstanding the Parker Stanbury letter of October 18, 2016, the R. Eric

20   Beveridge Trustee of the R. Eric Beveridge Separate Property Trust Dated February 12, 1999,

21   with the assistance of Special Default Services, Inc., acting as foreclosing trustee, recorded a

22   Notice of Trustee's Sale regarding the subject property, which Notice of Sale was recorded with

23   the Riverside County Recorder's Office on November 1, 2016 as instrument number 2016-

24   0481829. A true and correct copy of the Notice of Default and Election to Sell Under Deed of

25   Trust is attached hereto as Exhibit "21" and incorporated herein by reference.

26       27. In response to the Parker Stanbury letter of October 18, 2016, counsel for the R. Eric

27   Beveridge Trustee of the R. Eric Beveridge Separate Property Trust Dated February 12, 1999,

28   wrote back to both Parker Stanbury as well as Price Law Group, plaintiff's original bankruptcy

16-063-2B                                7

1  attorneys, acknowledging the Chapter 7 bankruptcy filing but providing an alleged reason for

2  proceeding with the nonjudicial foreclosure sale on its sold out junior lien. A true and correct

3  copy of the November 16, 2016 letter from Brian D. Greenberg, Esq., counsel for the Trust is

4  attached hereto as Exhibit 22 and incorporated herein by reference.

5      28. On or about February 27, 2017, ONY GLO conveyed its first position trust deed

6  interest to PennyMac Loan Services, LLC, by way of an "Assignment of Deed of Trust" which

7  recorded with the Riverside County Recorder's Office on February 27, 2017 as instrument

8  number 2017-0081607. A true and correct copy of the Assignment of Deed of Trust is attached

9  hereto as Exhibit "23" and incorporated herein by reference.

10      29. On or about March 13, 2017 PennyMac Loan Services, LLC recorded a "Notice of

11  Pendency of Action" regarding the subject property, with the Riverside County Recorder's Office

12  as Instrument Number 2017-0102488. A true and correct copy of the Notice of Pendency of

13  Action is attached hereto as Exhibit "24" and incorporated herein by reference.

14      30. On or about May 11, 2017, the R. Eric Beveridge Trustee of the R. Eric Beveridge

15  Separate Property Trust Dated February 12, 1999, with the assistance of Special Default

16  Services, Inc., acting as foreclosing trustee, conducted a nonjudicial foreclosure sale of plaintiff's

17  family residence at 3900 Nickellaus Court, Corona, CA 92883. This nonjudicial foreclosure sale

18  was accomplished took place nine (9) years two (2) month and eighteen (18) days after plaintiff's

19  February 23, 2008 Chapter 7 bankruptcy discharge and nine (9) years, two months (2) and

20  twenty-nine (29) days after the Wells Fargo Bank nonjudicial foreclosure sale. The "Trustee's

21  Deed Upon Sale" was recorded on or about June 1, 2017 with the Riverside County Recorder's

22  Office as Instrument Number 2017-0218198. A true and correct copy of the Trustee's Deed

23  Upon Sale" is attached hereto as Exhibit "25" and incorporated herein by reference.

24      31. On or about June 11, 2017, plaintiff found a 3 Day Notice to Quit when she arrived at

25  her family residence from work. A true and correct copy of the 3 Day Notice to Quit is attached

26  as Exhibit "26" and is incorporated herein by reference.

27  ///

28  ///

16-063-2B                              8

## II.

### FIRST CLAIM FOR RELIEF

### INJUNCTIVE RELIEF

32. Plaintiff realleges and incorporates paragraphs 1 through 31, inclusive as though fully set forth herein.

33. Plaintiff asserts that injunctive relief in enjoining both the R. Eric Beveridge Trustee of the R. Eric Beveridge Separate Property Trust Dated February 12, 1999, and Special Default Services, Inc., their successors and their agents, employees, servants, or other persons or entities acting for and/or on their behalf from continuing its collection efforts against the plaintiff by being temporarily restrained, preliminarily enjoined and permanently enjoined from proceeding with the filing of an unlawful detainer complaint in, or prosecuting in, or obtaining a judgment in unlawful detainer against plaintiff from the Riverside County Superior Court, or proceeding with the enforcement of any writ of possession for the purpose of the eviction of plaintiff from the subject property or engaging in any collection efforts in any way, type, manner, or form, through and including the time of a final judgment by this Court of the above-captioned adversary proceeding is necessary in that the balance of hardships in plaintiff's favor in that the risk of the irreparable injury to the plaintiff in allowing continued collection efforts by the R. Eric Beveridge Trustee of the R. Eric Beveridge Separate Property Trust Dated February 12, 1999, and Special Default Services, Inc., if the temporary restraining order requested is denied will exceed the foreseeable hardship to defendant if it is granted.

34. Plaintiff further asserts that the public interest favors granting the injunctive relief sought to protect, enforce and recover plaintiff's family residence sold in violation of the discharge injunction of 11 U.S.C. section 524(a)(2) and enforce her Chapter 7 discharge, and that this interest is furthered by the granting of injunctive relief to enjoin all collection efforts by the R. Eric Beveridge Trustee of the R. Eric Beveridge Separate Property Trust Dated February 12, 1999 and Special Default Services, Inc., as against plaintiff through and including the time of a final judgment by this Court of the above-captioned adversary proceeding.

///

16-063-2B                                                9

35. Plaintiff further asserts that there is no adequate remedy at law to compensate the plaintiff for the loss of her family residence through a nonjudicial foreclosure sale done conducted in violation of 11 U.S.C. section 524(a)(2).

### III.

### SECOND CLAIM FOR RELIEF

### DECLARATORY RELIEF

36. Plaintiff realleges and incorporates paragraphs 1 through 31, inclusive as though fully set forth herein.

37. Plaintiff alleges there exists an actual controversy between the plaintiff and defendant regarding their respective rights and duties regarding defendant's post-Chapter 7 discharge non-judicial foreclosure proceedings of extinguished, sold out junior lien, including but not limited to the recording of any Notice of Default and Election to Sell Under Deed of Trust and Notice of Sale.

38. Defendant asserts that it had a right and duty to proceed with a non-judicial foreclosure proceeding of the subject property.  Plaintiff contends that defendant's right to proceed by non-judicial foreclosure sale was extinguished on February 13, 2008 by virtue of the senior lienholder Wells Fargo Bank's non-judicial foreclosure sale conducted on February 13, 2008, and the perfection thereof by the recording of the Trustee's Deed Upon Sale on February 20, 2008.

39. Plaintiff asserts that the R. Eric Beveridge Separate Property Trust Dated February 12, 1999's statutory rights to the exercise of the power of sale governed by California Civil Code § 2924 et seq. (i.e., non-judicial foreclosure) were extinguished on February 13, 2008 by virtue of the nonjudicial foreclosure sale conducted by Wells Fargo Bank.

40.  Plaintiff asserts that the October 12, 2006 Deed of Trust executed by plaintiff in favor of EMVEST Mortgage Fund II, LLC encumbering the real property commonly known as 9300 Nickellaus Ct., Corona, CA  92883, and recorded on or about October 31, 2006 with the Riverside County Recorder's Office as instrument number 2006-0800600 and assigned to the R. Eric Beveridge Trustee of the R. Eric Beveridge Separate Property Trust Dated February 12,

16-063-2B                                             10

1999, as to an Undivided 100% Interest by way of Assignment of Deed of Trust dated November

1, 2016 regarding the real property commonly known as 9300 Nickellaus Ct., Corona, CA

92883, and recorded with the Riverside County Recorder's Office in Official Records number

2007-0007719, is null and avoid and of no legal effect whatsoever.

41. Plaintiff further asserts that the Notice of Default and Election to Sell Under Deed of

Trust regarding the subject property, which Notice of Default and Election to Sell Under Deed of

Trust was recorded with the Riverside County Recorder's Office on July 28, 2016 as instrument

number 2016-0317331, by the R. Eric Beveridge Trustee of the R. Eric Beveridge Separate

Property Trust Dated February 12, 1999, with the assistance of Special Default Services, Inc., is

null and void and of no legal effect whatsoever.

42. Plaintiff further asserts that the Notice of Sale recorded with the Riverside County

Recorder's Office on November 1, 2016 as instrument number 2016-0481829 by the R. Eric

Beveridge Trustee of the R. Eric Beveridge Separate Property Trust Dated February 12, 1999,

with the assistance of Special Default Services, Inc., is null and void and of no legal effect

whatsoever.

43. Plaintiff further asserts that the "Trustee's Deed Upon Sale" recorded on or about

June 1, 2017 with the Riverside County Recorder's Office as Instrument Number 2017-0218198

by the R. Eric Beveridge Trustee of the R. Eric Beveridge Separate Property Trust Dated

February 12, 1999, with the assistance of Special Default Services, Inc., is null and void and of

no legal effect whatsoever.

44. Plaintiff further asserts that legal title to the subject real property commonly known as

9300 Nickellaus Ct., Corona, CA  92883, ("subject property") and more particularly described

as: Lot 6 of Tract No. 27991 as shown by Map on file in Book 262, Pages 6 through 1 4,

inclusive of Maps, records of Riverside County, California." APN:  283-401-006, is vested

solely and exclusively in Janet Nabwanda Wagabaza, free and clear of any claims or

encumbrances of the R. Eric Beveridge Trustee of the R. Eric Beveridge Separate Property Trust

Dated February 12, 1999 and Special Default Services, Inc.

///

16-063-2B                                          11

1  45. Plaintiff requests a judicial decree to determine which contention of law and facts in

2  correct to allow the parties to govern themselves accordingly.

3                                       IV.

4                        **THIRD CLAIM FOR RELIEF**

5      **DETERMINATION OF EXTENT, PRIORITY AND VALIDITY OF LIEN**

6  46. Plaintiff realleges and incorporates paragraphs 1 through 31, inclusive as though fully

7  set forth herein.

8  47. Plaintiff asserts that the R. Eric Beveridge Separate Property Trust Dated February 12,

9  1999's statutory rights to the exercise of the power of sale governed by California Civil Code

10  § 2924 et seq. (i.e., non-judicial foreclosure) were extinguished on February 13, 2008 by virtue of

11  the nonjudicial foreclosure sale conducted by Wells Fargo Bank.

12  48. Plaintiff asserts that the October 12, 2006 Deed of Trust executed by plaintiff in

13  favor of EMVEST Mortgage Fund II, LLC encumbering the real property commonly known as

14  9300 Nickellaus Ct., Corona, CA 92883, and recorded on or about October 31, 2006 with the

15  Riverside County Recorder's Office as instrument number 2006-0800600 and assigned to the R.

16  Eric Beveridge Trustee of the R. Eric Beveridge Separate Property Trust Dated February 12,

17  1999, as to an Undivided 100% Interest by way of Assignment of Deed of Trust dated November

18  1, 2016 regarding the real property commonly known as 9300 Nickellaus Ct., Corona, CA

19  92883, and recorded with the Riverside County Recorder's Office in Official Records number

20  2007-0007719, is null and avoid and of no legal effect whatsoever.

21  49. Plaintiff further asserts that the Notice of Default and Election to Sell Under Deed of

22  Trust regarding the subject property, which Notice of Default and Election to Sell Under Deed of

23  Trust was recorded with the Riverside County Recorder's Office on July 28, 2016 as instrument

24  number 2016-0317331, by the R. Eric Beveridge Trustee of the R. Eric Beveridge Separate

25  Property Trust Dated February 12, 1999, with the assistance of Special Default Services, Inc., is

26  null and void and of no legal effect whatsoever.

27  50. Plaintiff further asserts that the Notice of Sale recorded with the Riverside County

28  Recorder's Office on November 1, 2016 as instrument number 2016-0481829 by the R. Eric

16-063-2B                        12

Beveridge Trustee of the R. Eric Beveridge Separate Property Trust Dated February 12, 1999, with the assistance of Special Default Services, Inc., is null and void and of no legal effect whatsoever.

51. Plaintiff further asserts that the Trustee's Deed Upon Sale recorded on or about June 1, 2017 with the Riverside County Recorder's Office as Instrument Number 2017-0218198 by the R. Eric Beveridge Trustee of the R. Eric Beveridge Separate Property Trust Dated February 12, 1999, with the assistance of Special Default Services, Inc., is null and void and of no legal effect whatsoever.

52. Plaintiff further asserts that legal title to the subject real property commonly known as 9300 Nickellaus Ct., Corona, CA 92883, ("subject property") and more particularly described as: Lot 6 of Tract No. 27991 as shown by Map on file in Book 262, Pages 6 through 1 4, inclusive of Maps, records of Riverside County, California." APN: 283-401-006, is vested solely and exclusively in Janet Nabwanda Wagabaza, free and clear of any claims or encumbrances of the R. Eric Beveridge Trustee of the R. Eric Beveridge Separate Property Trust Dated February 12, 1999 and Special Default Services, Inc.

53. Plaintiff asserts that the Bankruptcy Court must determine the extent, priority and validity of the Trustee's Deed Upon Sale recorded on or about June 1, 2017 with the Riverside County Recorder's Office as Instrument Number 2017-0218198 by the R. Eric Beveridge Trustee of the R. Eric Beveridge Separate Property Trust Dated February 12, 1999.

## V.

### FOURTH CLAIM FOR RELIEF

### CANCELLATION OF RECORDED DOCUMENTS

54. Plaintiff realleges and incorporates paragraphs 1 through 31, inclusive as though fully set forth herein.

55. Plaintiff asserts that defendant claims a lien or encumbrance that clouds plaintiff's title to the subject property, namely the post-Chapter 7 bankruptcy discharge recording of Notice of Default and Election to Sell and a Notice of Trustee's Sale.

///

16-063-2B                                    13

56. Plaintiff asserts that defendant's claim of a lien or encumbrance, namely the post-Chapter 7 bankruptcy discharge recording of Notice of Default and Election to Sell and a Notice of Trustee's Sale recorded by Special Default Services, Inc., are wholly without merit and the foreclosure proceeding was patently defective and illegal and in violation of 11 U.S.C. section 524(a)(2).

57. Defendant proceeded with the non-foreclosure sale of the subject property notwithstanding and in contravention of the discharge injunction of 11 U.S. C. Section 524(a)(2) and despite the defendant's loss of its security interest vis-a-via the second deed of trust as it was extinguished by the Wells Fargo Bank's nonjudicial foreclosure sale conducted on or about February 13, 2008.

58. Plaintiff asserts that Defendant's claim clouding plaintiff's subject property constitutes an improper and illegal lien or encumbrance on plaintiff's title to her family residence.

59. Plaintiff further asserts that if the Notice of Default and Election to Sell Under Deed of Trust regarding the subject property, which Notice of Default and Election to Sell Under Deed of Trust was recorded with the Riverside County Recorder's Office on July 28, 2016 as instrument number 2016-0317331, by the R. Eric Beveridge Trustee of the R. Eric Beveridge Separate Property Trust Dated February 12, 1999, with the assistance of Special Default Services, Inc., that if the Notice of Sale recorded with the Riverside County Recorder's Office on November 1, 2016 as instrument number 2016-0481829 by the R. Eric Beveridge Trustee of the R. Eric Beveridge Separate Property Trust Dated February 12, 1999, with the assistance of Special Default Services, Inc., and that if the Trustee's Deed Upon Sale recorded on or about June 1, 2017 with the Riverside County Recorder's Office as Instrument Number 2017-0218198 by the R. Eric Beveridge Trustee of the R. Eric Beveridge Separate Property Trust Dated February 12, 1999, with the assistance of Special Default Services, Inc., are not cancelled and declared null and void and of no legal effect whatsoever, serious and irreparable injury will result to Plaintiff, including the permanent loss of her home.  Plaintiff therefore requests that the Court cancel, rescind, and void each of the aforementioned documents.

16-063-2B                           14

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays for judgment in its favor and against defendants R. Eric Beveridge Trustee of the R. Eric Beveridge Separate Property Trust Dated February 12, 1999 and Special Default Services, Inc., a California corporation as follows:

### FIRST CLAIM FOR RELIEF

1. For a temporary restraining order, preliminary injunction and permanent injunction against the R. Eric Beveridge Trustee of the R. Eric Beveridge Separate Property Trust Dated February 12, 1999 and Special Default Services, Inc., and their successors and their agents, employees, servants, or other persons or entities acting for and/or on their behalf from continuing its collection efforts against the plaintiff by being temporarily restrained, preliminarily enjoined and permanently enjoined from proceeding with the filing of an unlawful detainer complaint in, or prosecuting in, or obtaining a judgment in unlawful detainer against plaintiff from the Riverside County Superior Court, or proceeding with the enforcement of any writ of possession for the purpose of the eviction of plaintiff from the subject property or engaging in any collection efforts in any way, type, manner, or form, through and including the time of a final judgment by this Court of the above-captioned  adversary proceeding;

2. For reasonable attorney's fees;

3. For costs of suit; and.

4. For such other and further relief as the Court may deem to be just, equitable and proper.

### SECOND CLAIM FOR RELIEF

1. For a judgment determining:

a.  that the October 12, 2006 Deed of Trust executed by plaintiff in favor of EMVEST Mortgage Fund II, LLC encumbering the real property commonly known as 9300 Nickellaus Ct., Corona, CA  92883, and recorded on or about October 31, 2006 with the Riverside County Recorder's Office as instrument number 2006-0800600 and assigned to the R. Eric Beveridge Trustee of the R. Eric Beveridge Separate Property Trust Dated February 12, 1999, as to an Undivided 100% Interest by way of Assignment of Deed of Trust dated November 1, 2016

16-063-2B

1 | regarding the real property commonly known as 9300 Nickellaus Ct., Corona, CA 92883, and

2 | recorded with the Riverside County Recorder's Office in Official Records number 2007-

3 | 0007719, is null and avoid and of no legal effect whatsoever;

4 |     b. that the Notice of Default and Election to Sell Under Deed of Trust regarding the

5 | subject property, which Notice of Default and Election to Sell Under Deed of Trust was recorded

6 | with the Riverside County Recorder's Office on July 28, 2016 as instrument number 2016-

7 | 0317331, by the R. Eric Beveridge Trustee of the R. Eric Beveridge Separate Property Trust

8 | Dated February 12, 1999, and Special Default Services, Inc., is null and void and of no legal

9 | effect whatsoever;

10 |     c. that the Notice of Sale recorded with the Riverside County Recorder's Office on

11 | November 1, 2016 as instrument number 2016-0481829 by the R. Eric Beveridge Trustee of the

12 | R. Eric Beveridge Separate Property Trust Dated February 12, 1999, and Special Default

13 | Services, Inc., is null and void and of no legal effect whatsoever;

14 |     d. that the Trustee's Deed Upon Sale recorded on or about June 1, 2017 with the

15 | Riverside County Recorder's Office as Instrument Number 2017-0218198 by the R. Eric

16 | Beveridge Trustee of the R. Eric Beveridge Separate Property Trust Dated February 12, 1999,

17 | and Special Default Services, Inc., is null and void and of no legal effect whatsoever;

18 |     e. Plaintiff further asserts that legal title to the subject real property commonly known as

19 | 9300 Nickellaus Ct., Corona, CA 92883, ("subject property") and more particularly described

20 | as: Lot 6 of Tract No. 27991 as shown by Map on file in Book 262, Pages 6 through 1 4,

21 | inclusive of Maps, records of Riverside County, California." APN: 283-401-006, is vested

22 | solely and exclusively in Janet Nabwanda Wagabaza, free and clear of any claims or

23 | encumbrances of the R. Eric Beveridge Trustee of the R. Eric Beveridge Separate Property Trust

24 | Dated February 12, 1999 and Special Default Services, Inc.;

25 |     2. For reasonable attorney's fees;

26 |     3. For costs of suit; and.

27 |     4. For such other and further relief as the Court may deem to be just, equitable and

28 | proper.

16-063-2B                 16

### THIRD CLAIM FOR RELIEF

1. For judgment determining that extent, priority and validity, if any, of:

a. the October 12, 2006 Deed of Trust executed by plaintiff in favor of EMVEST Mortgage Fund II, LLC encumbering the real property commonly known as 9300 Nickellaus Ct., Corona, CA 92883, and recorded on or about October 31, 2006 with the Riverside County Recorder's Office as instrument number 2006-0800600 and assigned to the R. Eric Beveridge Trustee of the R. Eric Beveridge Separate Property Trust Dated February 12, 1999, as to an Undivided 100% Interest by way of Assignment of Deed of Trust dated November 1, 2016 regarding the real property commonly known as 9300 Nickellaus Ct., Corona, CA 92883, and recorded with the Riverside County Recorder's Office in Official Records number 2007-0007719, is null and avoid and of no legal effect whatsoever;

b. the Notice of Default and Election to Sell Under Deed of Trust regarding the subject property, which Notice of Default and Election to Sell Under Deed of Trust was recorded with the Riverside County Recorder's Office on July 28, 2016 as instrument number 2016-0317331, by the R. Eric Beveridge Trustee of the R. Eric Beveridge Separate Property Trust Dated February 12, 1999, and Special Default Services, Inc., is null and void and of no legal effect whatsoever;

c. the Notice of Sale recorded with the Riverside County Recorder's Office on November 1, 2016 as instrument number 2016-0481829 by the R. Eric Beveridge Trustee of the R. Eric Beveridge Separate Property Trust Dated February 12, 1999, and Special Default Services, Inc., is null and void and of no legal effect whatsoever;

d. the Trustee's Deed Upon Sale recorded on or about June 1, 2017 with the Riverside County Recorder's Office as Instrument Number 2017-0218198 by the R. Eric Beveridge Trustee of the R. Eric Beveridge Separate Property Trust Dated February 12, 1999, and Special Default Services, Inc., is null and void and of no legal effect whatsoever;

2. For reasonable attorney's fees;

3. For costs of suit; and,

///

16-063-2B                                              17

1    4. For such other and further relief as the Court may deem to be just, equitable and

2    proper.

3                              **FOURTH CLAIM FOR RELIEF**

4    1. For a judgment cancelling, rescinding and voiding the Notice of Default and Election

5    to Sell Under Deed of Trust regarding the subject property, which Notice of Default and Election

6    to Sell Under Deed of Trust was recorded with the Riverside County Recorder's Office on July

7    28, 2016 as instrument number 2016-0317331, by the R. Eric Beveridge Trustee of the R. Eric

8    Beveridge Separate Property Trust Dated February 12, 1999 and Special Default Services, Inc.;

9    2. For a judgment cancelling, rescinding and voiding the Notice of Sale recorded with the

10   Riverside County Recorder's Office on November 1, 2016 as instrument number 2016-0481829

11   by the R. Eric Beveridge Trustee of the R. Eric Beveridge Separate Property Trust Dated

12   February 12, 1999 and Special Default Services, Inc.;

13   3. For a judgment cancelling, rescinding and voiding the Trustee's Deed Upon Sale

14   recorded on or about June 1, 2017 with the Riverside County Recorder's Office as Instrument

15   Number 2017-0218198 by the R. Eric Beveridge Trustee of the R. Eric Beveridge Separate

16   Property Trust Dated February 12, 1999 and Special Default Services, Inc.;

17   4. For reasonable attorney's fees;

18   5. For costs of suit; and.

19   6. For such other and further relief as the Court may deem to be just, equitable and

20   proper.

21

22   Dated: June _15th_, 2017                    Respectfully submitted,
                                                  Law Office of Lazaro E. Fernandez, Inc.

23

24                                               By: _____

25                                               Lazaro E. Fernandez
                                                 Attorneys for Plaintiff

26

27

28

16-063-2B                            18

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS Janet Nabwanda Wagabaza | DEFENDANTS R. Eric Beveridge, as Trustee of the R. Eric Beveridge Separate Property Trust et al. |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Lasaro E. Fernandez, Esq. (SBN: 134430) 3600 Lime St., Ste. 614, Riverside, CA 92501 T: (951) 684-4474; F: (951) 684-4625 | **ATTORNEYS** (If Known) Not known at present |
| **PARTY** (Check One Box Only) ■ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin ■ Creditor ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Sold out junior lienholder, whose debt was discharged by the debtor in a Year 2007 Chapter 7 bankruptcy case, conducted a non-judicial foreclosure sale of the debtor's home, which was bought by debtor's sister and eventually conveyed back to debtor. Violates sec. 524 of the Code.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
■ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☑ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 500,000.00 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>JANET NABWANDA WAGABAZA | BANKRUPTCY CASE NO.<br>6:07-bk-17151-MJ | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Riverside | NAME OF JUDGE<br>Meredith Jury |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>June 15, 2017 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Lazaro E. Fernandez, Esq. | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Lazaro E. Fernandez, Esq. (SBN: 134430)<br>Law Office of Lazaro E. Fernandez, Inc.<br>3600 Lime St., Ste. 614<br>Riverside, CA 92501<br>T: (951) 684-4474<br>F: (951) 684-4625<br>E-mail: lef17@pacbell.net<br><br><br><br>*Attorney for Plaintiff* | |

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

| In re:<br>JANET NABWANDA WAGABAZA<br><br><br><br><br>Debtor(s). | CASE NO.: 6:07-bk-17151-MJ<br><br>CHAPTER: SELECT CHAPTER<br><br>ADVERSARY NO.: |
|---|---|
| JANET NABWANDA WAGABAZA<br><br><br><br>Plaintiff(s)<br>Versus<br>R. ERIC BEVERIDGE, AS TRUSTEE OF THE R. ERIC BEVERIDGE SEPARATE PROPERTY TRUST DATED FEBRUARY 12, 1999, and SPECIAL DEFAULT SERVICES, INC., a California corporation,<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Hearing Date:** _____<br>**Time:** _____<br>**Courtroom:** _____ | **Address:**<br>☐ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
                                Deputy Clerk

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____     _____     _____
*Date*                        *Printed Name*                *Signature*

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                              Page 3                              **F 7004-1.SUMMONS.ADV.PROC**