Lazaro E. Fernandez - State Bar No. 134430
**LAW OFFICE OF LAZARO E. FERNANDEZ, INC.**
3600 Lime Street, Suite 614
Riverside, CA 92501
lef17@pacbell.net
Telephone: (951) 684-4474
Facsimile:  (951) 684-4625

Robert P. Goe - State Bar No. 137019
Donald W. Reid - State Bar No. 281743
**GOE & FORSYTHE, LLP**
18101 Von Karman Avenue, Suite 1200
Irvine, CA 92612
rgoe@goeforlaw.com
dreid@goeforlaw.com
Telephone: (949) 798-2460
Facsimile:  (949) 955-9437

Counsel for Janet N. Wagabaza

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>JANET N. WAGABAZA,<br><br>Debtor.<br><br>JANET N. WAGABAZA,<br><br>Applicant,<br><br>v.<br><br>R. ERIC BEVERIDGE, AS TRUSTEE OF THE R. ERIC BEVERIDGE SEPARATE PROPERTY TRUST DATED FEBRUARY 12, 1999 and SPECIAL DEFAULT SERVICES, INC., a California corporation,<br><br>Respondents. | Adv. No. 6:17-ap-01117-MJ<br><br>Case No. 6:07-bk-17151-MJ<br><br>**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY ADJUDICATION; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF**<br><br>**REQUEST FOR JUDICIAL NOTICE, DECLARATION OF JANET WAGABAZA, PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW, AND PROPOSED SUMMARY JUDGMENT FILED SEPARATELY HEREWITH**<br><br>Hearing<br>Date:  January 4, 2018<br>Time:  10:00 a.m.<br>Place:  3420 Twelfth Street<br>        Courtroom 301<br>        Riverside, CA 92501 |

1

**TO THE HONORABLE MEREDITH JURY, UNITED STATES BANKRUPTCY JUDGE, AND ALL PARTIES IN INTEREST**:

**PLEASE TAKE NOTICE** that Janet N. Wagabaza ("Debtor"), the chapter 7 debtor and plaintiff in the above-captioned proceedings, hereby moves for summary judgment or partial summary adjudication against R. Eric Beveridge, as Trustee of the R. Eric Beveridge Separate Property Trust Dated February 12, 1999 ("Beveridge") and Special Default Services, Inc. ("SDS" and, together with Beveridge, "Defendants") in this adversary proceeding ("Motion"). This Motion is supported by and refers to the following separately filed documents: (i) Requests for Judicial Notice ("RJN"), (ii) Declaration of Janet Wagabaza ("Wagabaza Declaration"), and (iii) Proposed Statement of Uncontroverted Facts ("UF") and Conclusions of Law ("CL").

In the operative complaint, the *First Amended Complaint* [AP Doc 28] ("FAC"), Debtor asserts five claims for relief against Defendants: (i) injunctive relief enjoining Defendants from continuing collection and eviction proceedings against Debtor, (ii) declaratory judgment Debtor owns the Property[1], (iii) declaratory judgment Beveridge did not hold a lien against the Property, (iv) cancellation of recorded documents evidencing Beveridge's foreclosure sale of the Property, and (v) wrongful foreclosure. By this Motion, Debtor seeks summary judgment on all claims for relief. Alternatively, Debtor seeks partial summary adjudication as to any issue addressed herein.

**PLEASE TAKE FURTHER NOTICE** that pursuant to court order any response to this Motion must be filed with the Court and served upon Debtor not later than December 14, 2017. Any response must be supported by a separate statement of genuine issues that is to be filed and lodged. *See* Loc. Bankr. R. 7056-1(c). The respondent is liable for filing with the court all necessary evidentiary documents cited in the response in accordance with Local Bankruptcy Rule 9013-1(i). *Id.*

---

[1] The "Property" refers to Debtor's residence at 9300 Nickellaus Court, Corona, CA 92883.

2

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   STATEMENT OF FACTS**

On November 6, 2007, the Debtor filed the above-captioned bankruptcy case. UF 1. Property of the bankruptcy estate included the Debtor's fee simple interest in her residence located at 9300 Nickellaus Court, Corona, CA 92883 (the "Property"). UF 2.

On the petition date, the Property was encumbered by two liens: (i) a first priority deed of trust in favor of Wells Fargo Bank, N.A. (the "WF DOT"), and (ii) a second priority deed of trust in favor of EMVEST Mortgage Fund II, LLC, which was assigned to Beveridge[2] on January 4, 2007 (the "Beveridge DOT"). UF 3. The Beveridge DOT secured a loan to the Debtor in the principal amount of $25,000 ( "Beveridge Debt"). UF 4.

On January 22, 2008, Wells Fargo obtained relief from stay. UF 5.

On February 13, 2008, Wells Fargo foreclosed on the WF DOT by nonjudicial foreclosure sale of the Property and obtained title thereof. UF 6. As a result, the Beveridge DOT was extinguished by law and could not reattach to the Property. CL 1, 3.

On February 23, 2008, the Debtor received a chapter 7 discharge. UF 7. As a result, the Debtor no longer had any personal liability for the Beveridge Debt. CL 2.

On May 23, 2008, Wells Fargo transferred the Property to the Debtor's sister, Zipporah Wagabaza ("Zipporah"). UF 8.

On April 15, 2015, nearly seven years later, Zipporah transferred the Property to the Debtor. UF 9.

On July 28, 2016, Defendants recorded, based upon the Beveridge DOT, a notice of default against the Property. Wagabaza Dec. at ¶ 7.

On November 1, 2016, Defendants recorded, based upon the Beveridge DOT, a notice of trustee's sale against the Property. *Id.*

On April 28, 2017, this bankruptcy case was reopened upon motion by the Debtor. Wagabaza Dec. at ¶ 9.

---

[2] "Beveridge" refers to R. Eric Beveridge, as Trustee of the R. Eric Beveridge Separate Property Trust Dated February 12, 1999.

3

On May 11, 2017, Defendants foreclosed on the Beveridge DOT by nonjudicial foreclosure sale of the Property and obtained record title thereof (the "Beveridge Foreclosure"). UF 10. The Beveridge Foreclosure was wrongful because the Beveridge DOT did not encumber the Property. CL 4, 5.

On June 15, 2017, the Debtor filed the instant adversary proceeding against Defendants. Wagabaza Dec. at ¶ 11.. In the operative complaint, the First Amended Complaint [AP Doc 28], filed July 27, 2017 ("FAC"), Debtor asserts five claims for relief against Defendants: (i) injunctive relief enjoining Defendants from continuing collection and eviction proceedings against Debtor, (ii) declaratory judgment Debtor owns the Property, (iii) declaratory judgment Beveridge did not hold a lien against the Property, (iv) cancellation of recorded documents evidencing Beveridge's foreclosure sale of the Property, and (v) wrongful foreclosure. *See* RJN, Exhibit 9 (FAC), Exhibit 10 (Answer).

By this Motion, Debtor seeks summary judgment on all claims for relief. Alternatively, Debtor seeks partial summary adjudication as to any issue addressed herein.

## II.     ARGUMENT

A party may move for summary judgment where there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine factual issue exists, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The court may grant summary judgment if "a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)." Fed. R. Civ. P. 56(e)(3).

Here, there are no genuine disputes of material fact. The parties agree the Beveridge Debt was discharged in 2008. The parties also agree the Beveridge DOT was extinguished in 2008. *See* RJN, Exhibits 9 (FAC) and 10 (Answer) at ¶¶ 16, 18, and 24.

The parties disagree solely on an issue of law--rather a choice of law. Defendants contend the Beveridge DOT revivified pursuant to Civil Code § 2930[3] when the Debtor reacquired the Property in 2016. Debtor contends, among other things, the Beveridge DOT could not be revivified pursuant to 11 U.S.C. § 552(a)[4]. The choice of law is dispositive.

The Bankruptcy Code preempts California law here under the doctrines of field preemption and conflict preemption. Thus, the Court must find the Beveridge DOT did not revivify against the Property. Debtor owns the Property free and clear of any claim or interest of Defendants and, therefore, the Beveridge Foreclosure was wrongful. Based upon those findings, the Debtor is entitled to summary judgment on all Claims in the FAC.

**A.    Section 552(a) Preempts Civil Code § 2930**

Under the Supremacy Clause, U.S. Const. Art. VI, cl. 2, state law is preempted by federal law in three circumstances: (i) express preemption, (ii) field preemption, and (iii) conflict preemption. *English v. General Elec. Co.*, 496 U.S. 72, 78-79 (1990). Field preemption and conflict preemption apply here.

Field preemption applies where state law "regulates conduct in a field that Congress intended the Federal Government to occupy exclusively." *Id.* at 79. Such intent may be inferred from

> a 'scheme of federal regulation so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it,' or where an Act of Congress 'touches a field in which a federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject.'

*Id.* (quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947)). The U.S. Constitution grants Congress power to establish "uniform laws on the subject of Bankruptcies throughout the United States." U.S. Const. Art. I, sec. 8, cl. 4. "The requirement of 'uniformity' in bankruptcy is of constitutional proportions and well-recognized." *Miles v. Okun (In re Miles)*, 294 B.R. 756,

---

[3] Civil Code § 2930 provides "Title acquired by the mortgagor subsequent to the execution of the mortgage, inures to the mortgagee as security for the debt in like manner as if acquired before the execution."

[4] Section 552(a) provides that, subject to inapplicable exceptions, "property acquired by the estate or by the debtor after the commencement of the case is not subject to any lien resulting from any security agreement entered into by the debtor before the commencement of the case."

759-60 (BAP 9th Cir. 2003) (citing *MSR Exploration v Meridian Oil*, 74 F.3d 910 (9th Cir. 1996)). Thus, state laws regarding the postpetition effect of security interests are completely preempted by the Bankruptcy Code.

Conflict preemption applies where state law actually conflicts with federal law and "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *English*, 496 U.S. at 46 (quoting *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941)). Civil Code § 2930, as interpreted by Beveridge, frustrates the purpose and objective of 11 U.S.C. § 552(a) that "property acquired by the debtor after the commencement of the [bankruptcy] case is not subject to any lien resulting from any security agreement entered into by the debtor before the commencement of the [bankruptcy] case." Therefore, Civil Code § 2930 is preempted to the extent it conflicts with § 552(a) as Beveridge contends.

**B.     The Beveridge Foreclosure was a Wrongful Foreclosure**

Pursuant to 11 U.S.C. § 552(a), and subject to inapplicable exceptions, "property acquired … by the debtor after commencement of the case is not subject to any lien resulting from any security agreement entered into by the debtor before the commencement of the case." It is undisputed (i) the Beveridge DOT results from a prepetition security agreement, and (ii) the Debtor acquired her current interest in the Property in 2016. Thus, by operation of § 552(a), the Beveridge DOT could not revivify under California law. The Debtor owns the Property free and clear of any claim or encumbrance of the Defendants. As such, the Beveridge Foreclosure was a wrongful foreclosure.

A wrongful foreclosure is a common law tort claim. It is an equitable action to set aside a foreclosure sale, or an action for damages resulting from the sale, on the basis that the foreclosure was improper.

> The elements of a wrongful foreclosure cause of action are: (1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from the tendering. Mere technical violations of the foreclosure process will not give rise to a tort

> claim; the foreclosure must have been entirely unauthorized on the facts of the case. All proximately caused damages may be recorded.

*Sciarratta v. U.S. Bank Nat'l Assn.*, 247 Cal App. 4th 552, 561-62 (2016) (citations omitted). *See also Yvanova v. New Century Mortgage Corp.*, 62 Cal. 4th 919, 929-30 (2016) ("A beneficiary or trustee under a deed of trust who conducts an illegal, fraudulent or willfully oppressive sale of property may be liable to the borrower for wrongful foreclosure. A foreclosure initiated by one with no authority to do so is wrongful for the purposes of such an action.").

Here, all three elements for wrongful foreclosure are satisfied: (1) the Defendants caused an illegal sale pursuant to a deed of trust that no longer encumbered the Property; (2) the Debtor was harmed by the foreclosure sale (having incurred actual damages, including attorney's fees, costs, and emotional distress); and (3) the Debtor was excused from tendering the Beveridge Debt because the Beveridge DOT did not attach to the Property. The Beveridge Foreclosure was therefore wrongful because it was "entirely unauthorized on the facts of the case." *Sciarratta*, 247 Cal. App. 4th at 562.

**C.  Debtor is Entitled to Summary Judgment on All Claims in FAC or, Alternatively, Partial Summary Adjudication**

Based upon the above findings and holdings, the Debtor is entitled to relief on all Claims in the FAC.

On the First Claim (Injunction Relief), the Debtor is entitled to a permanent injunction enjoining Defendants from the commencement or continuation of an action to (i) collect upon the Beveridge Debt, or (ii) evict the Debtor from the Property.

On the Second Claim (Declaratory Relief) and Third Claim (Determination of Extent, Priority and Validity of Lien), the Debtor is entitled to summary judgment for declaratory relief that (i) all recorded documents evidencing the Beveridge DOT or Beveridge Foreclosure are null and void and of no legal effect whatsoever, and (ii) the legal title to the Property is vested solely and exclusively in the Debtor, free and clear of any claims or encumbrances of Defendants.

On the Fourth Claim (Cancellation of Recorded Documents) and Fifth Claim (Wrongful Foreclosure), the Debtor is entitled to summary judgment cancelling, rescinding and voiding all recorded documents evidencing the Beveridge Foreclosure.

If, for any reason, the Court finds that the Debtor is not entitled to summary judgment on any Claim, the Debtor requests partial summary adjudication on the factual and legal issues briefed above.

### III. CONCLUSION

WHEREFORE, the Debtor requests entry of summary judgment on all Claims in the FAC, or, alternatively, partial summary adjudication on the factual and legal issues briefed herein, and awarding Debtor damages subject to further proof.

Dated: November 22, 2017    **GOE & FORSYTHE, LLP**

By: */s/Robert P. Goe*
Robert P. Goe, Counsel for
Janet N. Wagabaza

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 18101 Von Karman Avenue, Suite 1200, Irvine, CA 92612.

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY ADJUDICATION; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) November 22, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Joseph P Buchman**   jbuchman@bwslaw.com, svasquez@bwslaw.com
- **Lazaro E Fernandez**   lef17@pacbell.net, lef-karina@pacbell.net;lef-mari@pacbell.net;lefkarina@gmail.com
- **Rafael R Garcia-Salgado**   rgarcia@bwslaw.com, bantle@bwslaw.com,rjr-nef@bwslaw.com
- **Robert P Goe**   kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **Richard J Reynolds**   rreynolds@bwslaw.com, psoeffner@bwslaw.com,tmims@bwslaw.com,rjr-nef@bwslaw.com;fcabezas@bwslaw.com
- **United States Trustee (RS)**   ustpregion16.rs.ecf@usdoj.gov
- **Robert Whitmore (TR)**   rswtrustee@yahoo.com, rwhitmore@ecf.epiqsystems.com

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) November 22, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: (state the method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) November 22, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows: Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

- The Honorable Meredith Jury, USBC,3420 Twelfth Street, Riverside, CA 92501

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 22, 2017 | Susan C. Stein | /s/Susan C. Stein |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |